IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF NEW MEXICO

| | |
|---|---|
| NORMAN PHILLIP DEVOLK,<br><br>    Plaintiff,<br><br>vs.<br><br>BOARD OF REGENTS OF THE UNIVERSITY OF NEW MEXICO, d/b/a UNIVERSITY OF NEW MEXICO HEALTH SCIENCE CENTER, BOARD OF COUNTY COMMISSIONERS OF BERNALILLO COUNTY, BCDC CORRECTIONS OFFICER SGT. TIM ARNOLD, THE CITY OF ALBUQUERQUE, NEW MEXICO and ALBUQUERQUE POLICE OFFICER RICHARD VALDEZ and T. SHOLTIS,<br><br>    Defendants. | No. CIV 01-0774 PK/JHG-ACE |

MEMORANDUM OPINION AND ORDER

THIS MATTER comes on for consideration of the responses to the court's sua sponte Order to Show Cause filed February 25, 2002 (Doc. 118), as to why Defendant Tim Arnold should not be dismissed from this lawsuit.

(1) A review of the record indicates that Defendant Tim Arnold is named, for the first time, in the Second Amended Complaint filed June 26, 2001 in state

court. Doc. 1, Ex. A. The initial complaint in this matter was filed in state court on August 21, 2000, with a First Amended complaint filed in state court on March 6, 2001. The conduct complained of occurred on August 21, 1998. Doc. 1 Ex. A, ¶ 8 at 2.

(2) Although attorney Jeffrey L. Baker has indicated in several subsequent pleadings that he represents Mr. Arnold, the Suggestion of Death filed by Mr. Baker indicates that Mr. Arnold died on December 26, 1998 (Docs. 30 & 31). There remains no indication by what authority Mr. Baker claims to represent Mr. Arnold, however, there apparently is no dispute that Mr. Arnold died on December 26, 1998, prior to the inception of this lawsuit and the Second Amended Complaint naming him as a defendant.

(3) Plaintiff has now moved to substitute a personal representative for Defendant Tim Arnold (Doc. 128), and urges the court to grant the motion "and order that Mr. Arnold's personal representative be identified or appointed." Doc. 129. Neither the suggestion of death nor the motion for substitution indicates compliance with Fed. R. Civ. P. 25(a)(1) as interpreted by the Tenth Circuit which requires personal service on non-parties such as successors or representatives of the deceased. See Grandbouche v. Lovell, 913 F.2d 835, 837 (10th Cir. 1990); United States v. Miller Bros. Constr. Co., 505 F.2d 1031, 1034-35 (10th Cir. 1974).

(4) Be that as it may, Fed. R. Civ. P. 25(a) is without application in these

circumstances, as Rule 25 "contemplates substitution for someone who had been made a party before his death." Mizukami v. Buras, 419 F.2d 1319, 1320 (5th Cir. 1969) (per curiam); Moore v. Luther, 35 P.3d 277, 280 (Kan. Ct. App. 2001) (noting that federal courts uniformly do not allow substitution when party to be substituted dies before action is commenced on the rationale that a decedent cannot be sued directly); Jenkins v. Estate of Thomas, 800 P.2d 1358, 1359 (Colo. Ct. App. 1990); 6 Moore's Federal Practice, § 25.10[1] ("Rule 25(a) does not apply if the person to be substituted died prior to the service or filing of the complaint."). Mr. Arnold was deceased when this action was commenced.

(5) Fed. R. Civ. P. 17(b) generally provides that the capacity to be sued is determined by state law. The court is aware of Macias v. Jaramillo, 11 P.3d 153 (N.M. Ct. App. 2000), wherein the New Mexico Court of Appeals held that a complaint incorrectly naming the decedent tortfeasor's sons as personal representatives (when no personal representative had in fact been appointed) was not a nullity. Macias, however, does not stand for the proposition that New Mexico would allow a decedent to be sued.

In Macias, the complaint was pled against personal representatives to avoid the running of the limitations period. The personal representatives named were not in fact the personal representatives–no personal representatives had been appointed. The court of appeals attributed the plaintiff's error to one of the decedent's sons who had misled the plaintiff into believing that the son was the

3

personal representative when he was not. After learning the facts, the plaintiff moved to amend to name a "John Doe" personal representative and filed an action in state district court to obtain a personal representative for the decedent's estate.

The court declined to apply the normal rule stated in <u>Mercer v. Morgan</u>, 526 P.2d 1304, 1305 (N.M. Ct. App. 1974), that a suit brought against a dead person is of no effect. <u>Macias</u>, 11 P.3d at 156-57. The court's decision was based upon several factors including: (1) the decedent's son had misled the plaintiff, (2) the plaintiff naming the sons as personal representatives was equivalent to naming a "John Doe" personal representative, and (3) the plaintiff faced an imminent limitations bar, and attempted to comply in a timely fashion with procedural rules, including naming a defendant to represent the decedent's estate and "proceeding diligently pursuant to the Probate Code procedure to obtain the appointment of a personal representative." <u>Id.</u> No one has suggested these factors are present in this case. We have no proof of service in any way related to Mr. Arnold. Plaintiff has known that Mr. Arnold was deceased at least since September 25, 2001 or thereabouts. <u>See</u> Docs. 30 & 31. Quite apart from the apparent lack of routine case investigation before naming a party-defendant, no timely effort has been made by Plaintiff to ascertain the status of Mr. Arnold's estate, seek appointment of a personal representative, if indeed one had not been appointed, and amend the complaint. Instead, the Plaintiff requests that the court find and appoint a personal representative. Doc. 129. Mr. Arnold is not a

proper defendant.

NOW, THEREFORE, IT IS ORDERED, ADJUDGED and DECREED:

(1)   that Defendant Tim Arnold is dismissed and any claims against him are dismissed without prejudice. See Moore, 35 P.3d at 281; Jenkins, 800 P.2d at 1359-60;

(2)   that Plaintiff's Motion to Substitute Personal Representative of Defendant Tim Arnold filed March 5, 2002 (Doc. 128), is denied (a response and reply are not required);

(3)   and that the Order to Show Cause is discharged and the Motion to Dismiss Defendant Tim Arnold filed February 5, 2002 (Doc. 107), is now moot in light of the court's dismissal.

DATED this 7th day of March 2002, at Santa Fe, New Mexico.

_____
Paul Kelly Jr.
United States Circuit Judge
Sitting by Designation

Counsel:

D. Penni Adrian, Adrian & Salazar, P.C., and Kathryn Hammel, The Hammel Law Firm, P.C., for Plaintiff.

Jeffrey L. Baker, Esq., The Baker Law Firm, for Defendants Board of County Commissioners of Bernalillo County, and the City of Albuquerque.